1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10              **DISTRICT OF NEVADA**

11

12   ALICIA MORSE,

13          Plaintiff,                          Case No. 2:12-CV-00381-KJD-RJJ

14   v.                                         **ORDER**

15   USAA FEDERAL SAVINGS BANK,

16          Defendant.

17

18          Before the Court is Defendant USAA Federal Savings Bank's Motion to Dismiss Amended

19   Complaint (#10).  Plaintiff Alicia Morse filed a response (#25) and Defendant filed a reply (#28).

20   Plaintiff has also moved for a hearing and provided supplemental authority (#30), to which

21   Defendant filed a response (#32).

22          Defendant filed a previous Motion to Dismiss (#6) which became moot when Plaintiff

23   amended her complaint (#7).

24   I. Background

25          Plaintiff Alicia Morse was an authorized user of a USAA Federal Savings Bank ("USAA" or

26   Defendant) credit card initially issued to her former husband.  Morse was divorced on March 24,

1   2011.  When USAA reported the account to the national credit reporting agencies, it indicated that

2   Morse was a joint account holder on the credit card.

3        On November 14, 2011, Morse sent a dispute notice to the national consumer reporting

4   agencies ("CRAs") which stated that she had only been an authorized user of the credit card, and that

5   she was not a joint cardholder and therefore not personally liable for the account. TransUnion

6   apparently investigated the claim and deleted the credit card record.  Experian and Equifax also

7   investigated the claim by requesting that USAA verify Morse's status on the account. After its own

8   investigation, USAA reported back that the information in the credit report was accurate.

9        Morse filed a complaint and an amended complaint (#7) which states a claim for violation of

10   § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA").[1]  It is undisputed that the account in

11   question is not in arrears and is being paid every month.  Further, the Complaint lacks any facts

12   showing any adverse impact resulting from the information reflected on Plaintiff's credit report.

13   <u>II. Analysis</u>

14        <u>A. Legal Standard</u>

15        "To survive a motion to dismiss, a complaint must contain sufficient fatual matter, accepted

16   as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

17   (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Plausibility, in the context of

18   a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the

19   reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

20        The <u>Iqbal</u> evaluation illustrates a two prong analysis. First, the Court identifies "the

21   allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

22   which are legal conclusions, bare assertions, or merely conclusory. <u>Id.</u> at 680-81. Second, the court

23   considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." <u>Id.</u>

24

25

26   [1] The Amended Complaint conclusorily references a claim for defamation.  However, the Amended Complaint lacks any statement specifically identifying how Morse is entitled to relief for defamation. <u>See</u> Fed. R. Civ. P. 8(a).

at 681. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. <u>Id.</u> at 678.

B. Fair Credit Reporting Act

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." <u>Safeco Ins. Co. v. Burr</u>, 551 U.S. 47, 52 (2007). Section 1681 s-2 of the FCRA defines the responsibilities of furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2.

Section "1681s-2 works in two phases." <u>Boggio v. USAA Fed. Sav. Bank</u>, 696 F.3d 611, 614 (6th Cir. 2012). First, furnishers must "provide the CRAs accurate information about their consumers." <u>Id.</u> Second, if a CRA discovers that the consumer information is disputed, the "CRA will then notify the original furnisher and provide it with 'all relevant information regarding the dispute.'" <u>Id.</u> (citing § 1681i(a)(1)-(3)). The furnisher is then required to:

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title; [and]
(C) report the results of the investigation to the consumer reporting agency.

§ 1681s-2(b)(1).

The furnisher's investigation must be a reasonable one that includes a "fairly searching inquiry, or at least something more than a merely cursory review." <u>Boggio</u>, 696 F.3d at 615 (citing <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1155-57 (9th Cir. 2009), cert. denied 131 S.Ct. 71, 178 L.Ed.2d 23 (2010)) (internal quotations omitted). Reasonability of the investigation turns on the information received from the CRA when the furnisher was given notice of the dispute. <u>Id.</u> at 617. For example, when a furnisher receives information that a consumer disputes her status as a co-obligor on a debt, it is unreasonable to merely electronically confirm the consumer's name and address. <u>Id.</u> (describing the facts and holding of <u>Johnson v. MBNA Am. Bank, NA</u>, 357 F.3d 426, 429-31 (4th Cir. 2004)).

3

1    If the reasonable investigation reveals that a consumer's information was incomplete or

2  inaccurate, the furnisher must report the results of the investigation to all other CRAs.

3  §1681s-2(b)(1)(D). This report should identify whether a consumer disputes a debt if the consumer

4  can show "that the omission of the dispute was 'misleading in such a way and to such an extent that

5  [it] can be expected to have an adverse effect.'" Gorman, 584 F.3d at 1163 (citing Saunders v.

6  Branch Banking & Trust Co. of Va., 526 F.3d 142, 150 (4th Cir.2008)). In addition to its duty to

7  report, the furnisher must also "promptly" modify or delete information, or block information from

8  being reported, if it is "inaccurate or imcomplete" or "cannot be verified after any investigation." §

9  1681s-2(b)(1)(E).

10    If a furnisher does not perform its duties it may be liable for damages under §§ 1681o and

11  1681n of the FCRA. If the consumer can demonstrate "that a furnisher was negligent in breaching

12  one of these duties with respect to that consumer's disputed information," then the consumer can

13  seek actual damages pursuant to Section 1681o. Boggio, 696 F.3d at 618. If the consumer can

14  demonstrate that "a furnisher willfully violated ones of its duties," then the consumer can seek

15  "actual or statutory damages, as well as punitive damages" pursuant to Section 1681n. Boggio, 696

16  F.3d at 618 (emphasis added); see also § 1681n.

17    Federal Reserve Board Regulation B requires that when a credit card has been issued to a

18  married individual, the creditor must report the account in the name of both spouses, as long as each

19  spouse "is permitted to use or is contractually liable on the account." 12 C.F.R. § 202.10(a). This

20  regulation has been interpreted to mean that "[i]n designating accounts and reporting credit

21  information, a creditor need not distinguish between accounts on which the spouse is an authorized

22  user and accounts on which the spouse is a contractually liable party." 12 C.F.R. Part 202, Supp. I,

23  Section 202.10(3) (Official Staff Interpretations of Regulation B).

24    C. Violation of the FCRA

25    Here, Plaintiff asserts that by reporting her as a "joint obligor," Defendant made an inaccurate

26  report.  In Nevada, debts incurred during marriage are presumed to be community debts, for which

4

1   each spouse is liable.  Dubler v. Moret, 2009 WL 3711883 (Nev. 2009).  This remains true even after

2   a decree of divorce assigns debt to one spouse.  Bower v. Harrah's Laughlin, Inc., 215 P.3d 709, 723.

3   Further, the FCRA, guided by Regulation B, does not require Defendant to distinguish between an

4   authorized user and a joint account holder.

5        It is undisputed that Morse was an authorised user on the USAA account, and that she was

6   married to the person to whom the card was issued.  Because Plaintiff was an authorized user, and

7   because the debt acquired during the marriage was community debt, Defendant was entitled to report

8   to the CRAs that she was jointly obligated on the account, as set forth in Regulation B.  Plaintiff's

9   divorce does not alter the status of the debt as community property, regardless of the assignment of

10  the debt in the divorce decree.  Accordingly, Defendant did not violate the FCRA by reporting that

11  Morse was "joint obligor" on the account.  Defendant's motion to dismiss is granted as it pertains to

12  this claim.

13       The Amended Complaint does not claim that Defendant did not properly investigate the

14  claim, but it does allege that Defendant breached its duties by failing to indicate to the CRAs that

15  Plaintiff disputed the reported credit card debt.  This contention has no merit because the credit

16  report, attached to the Amended Complaint, accurately reflects that the account was previously in a

17  dispute, but that it was resolved when Plaintiff confirmed that she was an authorized user on the

18  account.  Additionally, Plaintiff fails to plead any facts showing actual damages, which are a required

19  element of failure to give notice of dispute claim.  See Gorman v. Wolpoff & Abramson, LLP, 584

20  F.3d 1147, 1163 (9th Cir. 2009).[2]  Finally, Plaintiff's claim that Defendant improperly verified the

21  debt fails because the report was accurate.

22

23

24

25  _____

26  [2] To the extent that Plaintiff argues that Defendant acted wilfully or that she suffered emotional distress, the
Amended Complaint lacks plausible facts which would permit these claims to proceed.

III. Conclusion

     **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#6) is **DENIED** as moot.

     **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#10) is **GRANTED**.

     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (#30) is **DENIED**.

     DATED this 3rd day of December 2012.

_____
Kent J. Dawson
United States District Judge

6